<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOYCE KIRKLAND, | : | Civil No. 08-2748 (PGS) |
| Petitioner, | : | |
| v. | : | OPINION |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

**APPEARANCES:**

    JOYCE KIRKLAND, #26662-050
    Federal Prison Camp
    33 ½ Pembroke Station Road
    Danbury, CT 06811
    Petitioner <u>Pro Se</u>

    ROBERT GREGORY MARASCO, Assistant U.S. Attorney
    UNITED STATES ATTORNEY FOR DISTRICT OF NEW JERSEY
    970 Broad Street
    Newark, New Jersey 07102
    Attorneys for Respondent

**SHERIDAN**, District Judge

    Joyce Kirkland ("Petitioner"), a federal prisoner who is presently confined at Danbury Federal Prison Camp, filed a Motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct an 84-month sentence entered in this Court on August 22, 2006. The United States filed an Answer. Petitioner filed a Reply and a Sur-Reply, and this Court heard oral argument from the parties. For the reasons expressed below, the Court will deny relief under § 2255 and decline to issue a certificate of appealability.

## I. BACKGROUND

On January 11, 2005, the United States filed a criminal complaint charging Petitioner with devising a scheme to defraud Countrywide Home Loans, contrary to 21 U.S.C. §§ 1343 and 2. See United States v. Kirkland, Crim. No. 05-0253 (JCL) (D.N.J. filed Apr. 12, 2005). On April 12, 2005, the United States filed an information charging Petitioner with conspiracy to defraud financial institutions from June 2003 through January 2005, in violation of 18 U.S.C. § 1344, and execution of a scheme to defraud a financial institution, contrary to 18 U.S.C. §§ 1344 and 2. On April 12, 2005, represented by counsel, Petitioner entered guilty plea, through a plea agreement, to both counts in the information. The plea agreement specified that the parties had reached no agreement regarding the amount of the loss resulting from the offenses, and that the issue would be resolved by the judge. See United States v. Kirkland, Crim. No. 05-0253 (JCL) at Docket Entry #15, p. 7. The agreement stated that the statutory maximum sentence on count one was five years and the statutory maximum on count two was 30 years, which may run consecutively. Id. at p. 2. With respect to the term of imprisonment, the agreement further provided:

> Because these offenses were committed while the defendant was on release from federal custody, she is subject to the enhanced penalty provisions of 18 U.S.C. § 3147, which carries a statutory maximum penalty of 10 years' imprisonment. In addition, any term of imprisonment imposed under 18 U.S.C. § 3147 shall run consecutive to any other sentence of imprisonment.
>
> The sentence to be imposed upon Joyce Kirkland is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable

> sentence up to and including the statutory maximum term of imprisonment . . . . This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Joyce Kirkland ultimately will receive.

<u>United States v. Kirkland</u>, Crim. No. 05-0253 (JCL) at Docket Entry #15, p. 2.

The plea agreement also provided that Petitioner waived her rights to appeal and to collaterally attack the sentence, provided the sentence imposed fell within the guidelines range for an offense level of 26 or lower. Specifically, it provided:

> Joyce Kirkland knows that she has, and voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within the Guideline range that results from the agreed total Guidelines offense level of <u>26</u>. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within the Guidelines range that results from the agreed total Guidelines offense level of <u>26</u>. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

<u>United States v. Kirkland</u>, Crim. No. 05-0253 at Docket Entry #15, p. 8.

The Probation Department prepared a Presentence Investigation Report. The report outlined the terms of each fraudulent real estate transaction of the conspiracy, and determined the net loss to be $1,279,690.23. Based on this loss (and without including a downward departure), the Presentence Investigation Report calculated an offense level of 30 and a criminal history category of IV, yielding a guideline range of 135 to 168 months in prison.

3

The sentencing occurred before Judge Lifland on August 17, 2006. The transcript reveals that defense counsel had submitted a sentencing memorandum and attachments to Judge Lifland prior to sentencing. At the sentencing hearing, defense counsel argued that Petitioner should only be responsible for a loss of $400,000, which is the amount of loss resulting from the real estate transactions she was personally involved in. (Docket Entry # 5-7 at pp. 6-8.) Counsel argued that Petitioner should not be held responsible for the loss of $1.2 million dollars because she should not be responsible, for sentencing purposes, for losses she was not involved in. (Id.) In his ruling, Judge Lifland excluded from the loss amount the transaction that had occurred prior to Petitioner's entry into the conspiracy, included all transactions that took place after Petitioner entered the conspiracy, and determined the amount of loss to be $1,231,138 (which yielded an offense level of 30 and an advisory guideline range of 135 to 168 months imprisonment). (Id. at pp. 10-12.) Next, Judge Lifland granted the government's motion for a downward departure of five levels based on Petitioner's cooperation, which reduced the offense level to 25 and the advisory guideline range to 84 to 105 months. (Id. at p. 15.) Judge Lifland imposed an aggregate 84-month term of imprisonment. (Id. at p. 19.) Petitioner did not file a direct appeal.

Petitioner filed the motion to vacate presently before this Court on June 2, 2008. The motion challenges Petitioner's sentence on five grounds:

> Ground One: CONVICTION OBTAINED BY PLEA OF GUILTY WHICH WAS UNLAWFULLY INDUCED OR NOT MADE VOLUNTARILY OR WITH UNDERSTANDING OF THE CHARGE AND THE CONSEQUENCES OF THE PLEA.
>
> Supporting Facts: I was not informed that by pleading guilty to the conspiracy I would be responsible for a loss greater than what I was accountable for and that said loss would determine my sentence.

Ground Two: CONVICTION OBTAINED BY PLEA OF GUILTY WHICH WAS UNLAWFULLY INDUCED OR NOT MADE VOLUNTARILY OR WITH UNDERSTANDING OF THE CHARGE AND THE CONSEQUENCES OF THE PLEA.

Supporting Facts: I pled guilty because I was told by the government that it would be to my advantage if I did so, instead of going to trial.

Ground Three: DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL.

Supporting Facts:

1. My counsel did not investigate the matter enough so that I would get a better plea agreement.

2. My counsel should have calculated the actual loss so that my sentence range would have been lower.

3. He did not dispute the veracity of my criminal history category.

4. Did not dispute the restitution amount.

Ground Four: DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL.

Supporting Facts:

1. My counsel was not adequately prepared in order to be able to advocate in my behalf where my participation in the conspiracy was questioned.

2. I was not informed of the importance of the "PSR" in the Judge's decision.

3. The objections to the "PSR" were not properly substantiated, thus perceived as meaningless.

(Docket Entry #1 at pp. 4-5.)

By Order entered October 1, 2008, this Court advised Petitioner of her rights under United States v. Miller, 197 F. 3d 644 (3d Cir. 1999). On October 29, 2008, Petitioner asked this Court to consider her claims as presented. On February 3, 2009, the government filed an Answer, accompanied by several exhibits. Petitioner filed a Reply. This Court heard oral argument March 2, 2010, and Petitioner filed a Sur-Reply.

## II. DISCUSSION

Under 28 U.S.C. § 2255, a federal court may vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). An evidentiary hearing is not required under § 2255 where "the motion and files and records of the [underlying criminal] case show conclusively that the movant is not entitled to relief." United States v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992); see also 28 U.S.C. § 2255 Rule 4(b).

A. Validity of the Plea

Petitioner argues that her guilty plea was constitutionally invalid essentially because she did not know that the length of her sentence of imprisonment would be based (in part) on the amount of the loss determined by the sentencing judge. (Docket Entry #1 at p. 4.) In Tollett v. Henderson, 311 U.S. 258, 268 (1973), the Supreme Court held that a defendant who pleads guilty upon the advice of counsel "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice [s]he received from counsel was not within the [appropriate] standards." In Hill v. Lockhart, 474 U.S. 52, 60 (1985), the Court held that, where a § 2254

petitioner entered a guilty plea with the advice of counsel, there is no prejudice under Strickland v. Washington, 466 U.S. 668 (1984), unless the petitioner asserts that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. Because Petitioner does not assert that, but for counsel's deficient performance, she would not have pleaded guilty and would have insisted on going to trial, this Court is constrained to deny her motion.

As background, this Court will review relevant Supreme Court case law antecedent to the prejudice holding of Hill. In 1969, the Supreme Court decided Boykin v. Alabama, 395 U.S. 238 (1969). Under Boykin and Rule 11 of the Federal Rules of Criminal Procedure,

> A defendant who enters [a guilty] plea simultaneously waives several constitutional rights, including his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers. For this waiver to be valid under the Due Process Clause, it must be an intentional relinquishment or abandonment of a known right or privilege. Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void.

Boykin v. Alabama, 395 U.S. 238, 243 n.5 (1969) (quoting McCarthy v. United States, 394 U.S. 459, 466 (1969) (citation and internal quotation marks omitted); see also United States v. Ruiz, 536 U.S. 622, 628 (2002) (due process requires that a guilty plea is "voluntary" and that the defendant's waiver of his constitutional rights is "knowing, intelligent, [and] with sufficient aware ness of the relevant circumstances and likely consequences") (quoting Brady v. United States, 397 U.S. 742, 748 (1970). A defendant who pleads guilty must be advised of the "permissible range of sentences," Boykin, 395 U.S. at 244 n.7, including the maximum sentence and the mandatory minimum sentence, if any, see Jamison v. Klem, 544 F. 3d 266, 277 (3d Cir.

2008), as well as the deportation consequences of a guilty plea, see Padilla v. Kentucky, 130 S. Ct. 1473, 1483 (2010).

In 1970, the Supreme Court decided McMann v. Richardson, 397 U.S. 759, 770 (1970), and North Carolina v. Alford, 400 U.S. 25, 31 (1970). In McMann, the Court held that "a defendant's plea of guilty based on reasonably competent advice is an intelligent plea not open to attack." The Court explained its reasoning:

> [T]he decision to plead guilty before the evidence is in frequently involves the making of difficult judgments. All the pertinent facts normally cannot be known unless witnesses are examined and cross-examined in court. Even then the truth will often be in dispute. In the face of unavoidable uncertainty, the defendant and his counsel must make their best judgment as to the weight of the State's case. Counsel must predict how the facts, as he understands them, would be viewed by a court. If proved, would those facts convince a judge or jury of the defendant's guilt . . . ? Questions like these cannot be answered with certitude; yet a decision to plead guilty must necessarily rest upon counsel's answers, uncertain as they may be. Waiving trial entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts.

McMann, 397 U.S. at 769-770.

North Carolina v. Alford, 400 U.S. 25, 31 (1970), was a § 2254 case. Alford, who was indicted in North Carolina for first degree murder, punishable by death, pleaded guilty to second-degree murder on the advice of counsel. During the plea colloquy, Alford stated that he had not committed the murder but he was pleading guilty to avoid a possible death sentence and to limit the penalty to the 30-year maximum provided for second degree murder. Id. at p. 31. The Supreme Court held that the state court did not commit constitutional error in accepting Alford's guilty plea. Id. at pp. 37-39. The Court reasoned:

8

> Here the State had a strong case of first-degree murder against Alford. Whether he realized or disbelieved his guilt, he insisted on his plea because in his view he had absolutely nothing to gain by a trial and much to gain by pleading. Because of the overwhelming evidence against him, a trial was precisely what neither Alford nor his attorney desired. Confronted with the choice between a trial for first-degree murder, on the one hand, and a plea of guilty to second-degree murder, on the other, Alford quite reasonably chose the latter and thereby limited the maximum penalty to a 30-year term. When his plea is viewed in light of the evidence against him, which substantially negated his claim of innocence and which further provided a means by which the judge could test whether the plea was being intelligently entered . . . , its validity cannot be seriously questioned. In view of the strong factual basis for the plea demonstrated by the State and Alford's clearly expressed desire to enter it despite his professed belief in his innocence, we hold that the trial judge did not commit constitutional error in accepting it . . . . Alford now argues in effect that the State should not have allowed him this choice but should have insisted on proving him guilty of murder in the first degree. The States in their wisdom may take this course by statute or otherwise and may prohibit the practice of accepting pleas to lesser included offenses under any circumstances. But this is not the mandate of the Fourteenth Amendment and the Bill of Rights.

Alford, 400 U.S. at 37-39 (citations and footnotes omitted).

In Tollett v. Henderson, 411 U.S. 258, 267 (1973), the Supreme Court held that "[a] guilty plea, voluntarily and intelligently entered, may not be vacated because the defendant was not advised of every conceivable constitutional plea in abatement he might have to the charge, no matter how peripheral such a plea might be to the normal focus of counsel's inquiry . . . . A prospect of plea bargaining, the expectation or hope of a lesser sentence, or the convincing nature of the evidence against the accused are considerations that might well suggest the advisability of a guilty plea without elaborate consideration of whether pleas in abatement . . . might be factually supported." Id. at 268. Thus, the Tollett Court ruled that a defendant who pleads guilty upon the

advice of counsel "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann." Id.

In 1984, the Supreme Court adopted a two-part test for evaluating claims of ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 687 (1984). First, the defendant must "show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-88. To meet this prong, a "convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690. The court must then determine whether, in light of all the circumstances at the time, the identified errors were so serious that they were outside the wide range of professionally competent assistance. Id. Second, the petitioner must show prejudice, i.e., there is a "reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. As the Strickland Court explained, "[a]ttorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial." Id. at 693. The Supreme Court further instructed that a district court need not address both components of an ineffective assistance claim "if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id.

In 1985, the Supreme Court decided Hill v. Lockhart, 474 U.S. 52 (1985), a § 2254 case in which Hill, who pleaded guilty in state court to first degree murder and theft, sought federal habeas relief on the ground that his attorney was constitutionally ineffective in failing to advise

10

him that, as a second offender, he was required to serve one-half (rather than one-third) of his sentence before becoming eligible for parole. Under Arkansas law, the murder charge to which Hill pleaded guilty carried a potential sentence of 5 to 50 years, or life in prison. Counsel negotiated a plea agreement whereby the State agreed to recommend an aggregate 35-year sentence. The trial judge sentenced Hill to the recommended 35-year term, and mistakenly told Hill that he would have to serve at least one-third of the 35-year term before becoming eligible for parole.

Hill filed a § 2254 petition alleging that his counsel was constitutionally ineffective in incorrectly advising him that he would become eligible for parole after serving one-third of his sentence, when in reality, Hill was required to serve one-half of his sentence before becoming eligible for parole. Hill asked the district court to reduce his sentence to a term of years that would result in his becoming eligible for parole in conformance with his expectation at sentencing. The district court denied the § 2254 petition and the Court of Appeals affirmed. Finding that the two-part <u>Strickland</u> test applies to ineffective assistance claims arising out of the plea process, the Supreme Court affirmed the order denying § 2254 relief

> because Petitioner's allegations are insufficient to satisfy the <u>Strickland v. Washington</u> requirement of "prejudice." Petitioner did not allege in his habeas petition that, had counsel correctly informed him about his parole eligibility date, he would have pleaded not guilty and insisted on going to trial. He alleged no special circumstances that might support the conclusion that he placed particular emphasis on his parole eligibility in deciding whether or not to plead guilty. Indeed, petitioner's mistaken belief that he would become eligible for parole after serving one-third of his sentence would seem to have affected not only his calculation of the time he likely would serve if sentenced pursuant to the proposed plea agreement, but also his calculation of the time he likely would serve if he went to trial and were convicted.

11

> Because petitioner in this case failed to allege the kind of "prejudice" necessary to satisfy the second half of the Strickland v. Washington test, the District Court did not err . . . .

Hill, 474 U.S. at 60.

In the motion before this Court, Petitioner does not assert that counsel was constitutionally ineffective in advising her to plead guilty. Rather, she asserts that counsel was ineffective in failing to advise her that the amount of the loss "would determine [her] sentence;" failing to "calculate[] the actual loss so that [her] sentence would have been lower;" failing to "dispute the veracity of [her] criminal history category;" failing to dispute the restitution amount; failing to advise her "of the importance of the 'PSR' in the Judge's [sentencing] decision;" and failing to properly substantiate the objections to the PSR.[1] (Docket Entry #1 at pp. 4-5.) Nor does Petitioner assert that, had counsel performed properly (and correctly informed her that the amount of loss would determine the sentence, properly calculated the loss, disputed the criminal history category, disputed the restitution amount, substantiated the objections to the PSR and properly advised her of the significance of the PSR in the Judge's sentencing decision), she would have declined the plea agreement and would have insisted on going to trial.[2] This Court notes that, even with counsel's alleged deficient performance, Petitioner received what she bargained for in the plea agreement - an offense level of 25, which is less than the agreed-upon

---

[1] Petitioner does not argue that she was not aware of the potential sentence prior to entering her guilty plea, nor could she. The record demonstrates that Petitioner was advised, prior to entry of the plea, of the permissible range of sentence.

[2] Indeed, like the petitioner in Hill, Petitioner's mistaken beliefs regarding the calculation of the sentence under the Sentencing Guidelines would seem to have affected not only her calculation of the time she likely would serve if sentenced pursuant to the proposed plea agreement, but also her calculation of the time she likely would serve if she went to trial and were convicted.

12

maximum offense level of 26.[3] Because Petitioner does not assert that she would have insisted on going to trial but for counsel's allegedly deficient performance, she has failed to assert prejudice, as required by Hill.[4] This Court denies the § 2255 motion without an evidentiary hearing as the Motion, Answer, Reply and records in the underlying criminal case show conclusively that Petitioner is not entitled to relief.

B. Certificate of Appealability

Because Petitioner has not made a substantial showing of the denial of a constitutional right, no certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c). See Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2.

---

[3] If she were convicted in the absence of the plea agreement, Petitioner was subject to a maximum sentence of 45 years in prison.

[4] Compare United States v. Peppers, 273 Fed. Appx. 155, 159 (3d Cir. 2008) (counsel was not constitutionally ineffective in plea process where Peppers failed to assert prejudice and "has made no contention that he would not have entered his plea and would have insisted on going to trial if his counsel had advised him that the ACCA arguably may not have applied"); Powell v. Meyers, 214 Fed. Appx. 197, 200 (3d Cir. 2007) (§ 2254 petitioner's claim that plea counsel was constitutionally ineffective in failing to advise him that his back-time sentence could not be served concurrently with his instant sentence fails to establish prejudice where petitioner does not assert that he would have insisted on going to trial had he known that it was legally impossible for his back-time sentence to be served concurrently); United States v. Kauffman, 109 F. 3d 186, 191 (3d Cir. 1997) (defendant alleging ineffective assistance in guilty plea context needs to present evidence "sufficient to undermine our confidence that [the attorney] would have advised his client to plead guilty rather than proceed to trial and that [the defendant] would have accepted that advice") with Jamison v. Klem, 544 F. 3d 266 (3d Cir. 2008 (state court decision rejecting Jamison's challenge to validity of his guilty plea based on counsel's failure to advise him that his guilty plea subjected him to a five-year mandatory minimum sentence was an unreasonable application of Boykin v. Alabama, 395 U.S. 238 (1969), which requires that an accused be aware of the direct consequences of a guilty plea, where Jamison testified that he would not have entered a guilty plea if he had known that he would have to serve at least five years in prison).

## III. CONCLUSION

For the foregoing reasons, the Court denies the Motion to vacate, set aside or correct the sentence under 28 U.S.C. §§ 2255, and declines to issue a certificate of appealability under 28 U.S.C. § 2253(c).

                                                    */s/ Peter G. Sheridan*
                                                    **PETER G. SHERIDAN, U.S.D.J.**

DATED: May 20, 2010